```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                               Case No.: 8:19-cr-444-VMC-JSS

TIMOTHY CATHCART

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Timothy Cathcart's construed pro se Motion for Compassionate Release and to Appoint Counsel (Doc. # 51), filed on February 7, 2022. The United States responded on March 7, 2022. (Doc. # 54). For the reasons set forth below, the Motion is denied without prejudice for failure to exhaust administrative remedies.

**I.  Background**

On March 11, 2020, the Court sentenced Cathcart to 324 months' imprisonment for conspiracy to distribute and possession with intent to distribute a mixture and substance containing detectable amounts of fentanyl and norfentanyl, which caused serious bodily injury to others. (Doc. # 42).

Cathcart is 35 years old and is projected to be released in February 2042.[1]

In the construed Motion, Cathcart seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic and unspecified health concerns. (Doc. # 51 at 1). The United States has responded (Doc. # 54), and the Motion is now ripe for review.

## II.  Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Cathcart argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Cathcart has not even alleged, let alone shown, that he has exhausted his administrative remedies. Likewise, the United States states that "BOP has confirmed that the defendant has not applied for compassionate release with the warden." (Doc. # 54 at 3). Thus, Cathcart has not exhausted his administrative remedies.

The Court must deny his Motion without prejudice. See United States v. Barberree, No. 8:09-cr-266-VMC-MAP, 2020 WL 2097886, at *2 (M.D. Fla. May 1, 2020) (denying motion for compassionate release without prejudice where "Barberree [did] not allege that he has exhausted his administrative remedies. Nor has he provided documentation showing that he has made any request to the warden of his facility for compassionate release or appealed the denial of a request for compassionate release with the Bureau of Prisons");

<u>United States v. Gonzalez-Ponce</u>, No. 8:18-cr-548-VMC-CPT, 2021 WL 4846206, at *2 (M.D. Fla. Oct. 18, 2021) ("The United States argues that Gonzalez-Ponce has not exhausted his administrative remedies, as there is no record that any request for compassionate release was ever sent to the warden or the BOP. As there is no record of any administrative request, Gonzalez-Ponce's request for compassionate release must be denied for failure to exhaust administrative remedies.").

As the request for compassionate release must be denied without prejudice for failure to exhaust remedies, the request for appointment of counsel is likewise denied without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Timothy Cathcart's construed pro se Motion for Compassionate Release and to Appoint Counsel (Doc. # 51) is **DENIED** without prejudice for failure to exhaust administrative remedies.

4

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of March, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE